UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN SCOTT,

        Petitioner,

                                  CIVIL CASE NO. 12-CV-10416

v.

                                  HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

        Respondent.
_____/

**ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (DKT. 7), ISSUING
CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO
APPEAL IN FORMA PAUPERIS**

Petitioner Shaun Scott, a state inmate convicted of first-degree murder, is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his trial and appellate counsel were ineffective, the prosecutor committed misconduct, and perjured testimony was presented. Respondent has filed a motion for summary judgment, arguing that the petition was filed after expiration of the one-year limitations period. For the reasons set forth below, the Court agrees with Respondent and holds that the petition is untimely.

**I. BACKGROUND**

Petitioner was convicted by a jury in Wayne County Circuit court of first-degree murder in connection with the death of Nathaniel McCormick. Docket Sheet at 1 (Dkt. 8-1); 1/9/1992 Tr. at 4 (Dkt. 8-2). McCormick died from blunt force head trauma. 1/9/1992 Tr. at 4. Petitioner admitted striking McCormick in the head with a stick, but denied any intention to kill

McCormick and claimed to have responded in self-defense when McCormick threatened him with a broken glass bottle. 6/2/1992 Tr. at 73-77 (Dkt. 8-4). The chief prosecution witness was Shaun Minter. Minter testified that he witnessed the beating and that Petitioner struck McCormick with a baseball bat thirteen or fourteen times. 6/1/1992 Tr. at 150-151 (Dkt. 8-3). Minter testified that McCormick had no weapon and that Petitioner continued striking McCormick even after McCormick had fallen to the ground. Id. On June 26, 1992, Petitioner was sentenced to life in prison. 6/26/1992 Tr. (Dkt. 8-6).

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised two prosecutorial miscount claims. Pet'r's Br. at 1 (Dkt. 8-7). The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Scott, No. 156701 (Mich. Ct. App. June 15, 1995) (Dkt. 8-7).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals and a claim of ineffective assistance of counsel. Pet'r's Appl. at 1-4 (Dkt. 8-8). The Michigan Supreme Court denied leave to appeal. People v. Scott, 546 N.W.2d 261 (Table) (Mich. 1996).

Petitioner filed a motion for relief from judgment in the trial court on February 27, 2009. Pet'r's Mot. (Dkt. 8-11). He claimed several grounds for relief, including (i) actual innocence, (ii) newly discovered evidence of perjury, which entitled him to a new trial, (iii) trial counsel was ineffective, (iv) the prosecutor committed misconduct by denigrating the presumption of innocence, and (v) ineffective assistance of appellate counsel. Id. at 2-3. The trial court denied the motion. People v. Scott, No. 92-000779-01-FC (Wayne Cnty Cir. Ct. June 24, 2009).

Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals denied

leave to appeal. People v. Scott, No. 297380 (Mich. Ct. App. July 22, 2010) (Dkt. 8-9). The Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal on March 8, 2011. People v. Scott, 794 N.W.2d 583 (Mich. 2011) (Dkt. 8-10).

Petitioner filed the instant habeas petition on January 25, 2012. Pet'r's Pet. at 22 (Dkt. 1). Respondent has filed a motion for summary judgment (Dkt. 7) and Petitioner filed a response (Dkt. 9). The motion is now ripe for the Court's consideration.

## II. ANALYSIS

In the motion for summary judgment, Respondent argues that the petition should be denied on the grounds that the petition was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2241, et seq. In response, Petitioner argues that his habeas petition was filed within one year of the date on which the predicate for his claims became known and because his actual innocence warrants equitable tolling of the limitations period.

Importantly, the AEDPA, which became effective April 24, 1996, governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. In pertinent part, the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *

3

>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Petitioner argues that Respondent's motion should be denied for two reasons. First, he argues that the petition is timely because it was filed within one year of the date when he became aware or could reasonably become aware of the statements of two witnesses, Vernon Davidson and Derrick Williams. Pet'r's Resp. at 4-6. Second, he argues that he is actually innocent and that his case, therefore, should not be subjected to the statute of limitations. Id. at 7.

Here, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on March 29, 1996. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on June 27, 1996, when the time period for seeking certiorari expired. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000) ("the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired"). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. Id. at 285. Accordingly, if, as Respondent argues it should be, the limitations period commenced at the conclusion of direct review, on June 27, 1996, the one-year limitations period expired on June 28, 1997.

Petitioner argues that the limitations period did not commence until he discovered that the chief prosecution witness, Minter, was with Williams and Davidson at the time of the murder, so that Minter could not have witnessed Petitioner murder the victim. The affidavits attached to the habeas petition are dated February 19, 2009 and March 21, 2009, respectively.

4

See 2/19/2009 Williams Aff. (Dkt. 1) (cm/ecf Pg ID 50); 3/21/2009 Davidson Aff. (Dkt. 1) (cm/ecf Pg ID 49). Petitioner also submitted affidavits from Williams and Davidson in support of his state court motion for relief from judgment. 9/27/08 Davidson Aff. (Dkt. 8-11) (cm/ecf Pg ID 719); 2/19/2009 Williams Aff. (Dkt. 8-11) (cm/ecf Pg ID 720).

Notably, Davidson's affidavit submitted to the state trial court was executed on September 27, 2008. Therefore, the factual predicate for Petitioner's claim, that Minter was not a witness to the murder because he was with Williams and Davidson at the time of the murder, was known to Petitioner at least as early as September 27, 2008. The limitations period commenced on that date. 28 U.S.C. § 2244(d)(1)(D). It continued running until Petitioner filed his state court motion for relief from judgment on February 27, 2009. That motion, a properly filed motion for state-court collateral review, tolled the limitation period with seven months remaining. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The limitations period resumed running on March 9, 2011, the day after the Michigan Supreme Court denied leave to appeal the denial of Petitioner's motion for relief from judgment. The limitations period continued to run until it expired on October 9, 2011. Thus, even assuming that the limitations period commenced when Petitioner became aware of new evidence regarding Minter's whereabouts, the petition, filed on January 25, 2012, is untimely because it was filed over three months after the limitations period expired.

With regard to Petitioner's second claim, Petitioner argues that the Court should not bar his untimely petition from consideration because he is actually innocent. A credible claim of actual innocence may provide an equitable exception to the one-year statute of limitations set

5

forth at § 28 U.S.C. § 2244(d)(1). McQuiggin v. Perkins, --- U.S. ---, 133 S. Ct. 1924, 1931 (2013). To succeed on such a claim, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Perkins, 133 S. Ct. at 1935. "[A] credible claim of actual innocence is extremely rare." Souter v. Jones, 395 F.3d 577, 600 (6th Cir. 2012). Consequently, the "actual innocence exception should remain rare and only be applied in the extraordinary case." Id. at 590 (quotation marks omitted).

Petitioner argues that the affidavits from Williams, Davidson, and Minter show his actual innocence. However, the affidavits demonstrate significant credibility issues for each of the affiants. Williams' affidavit was executed on February 19, 2009, over 17 years after the murder. Davidson's first affidavit, which, like his subsequent affidavit, is not notarized, was purportedly signed on September 27, 2008, also approximately 17 years after the murder. These affidavits, which simply state, without much detail, that Minter was with them the night of the murder, fail to explain the long delay in coming forward. Williams states that he did not learn that Minter was a witness against Petitioner until 1993. 2/19/2009 Williams Aff. ¶ 5. While that might explain why he did not come forward during the trial, it does not explain why he waited an additional fifteen years to come forward. Davidson's affidavits are silent on the question of the 17-year delay. See 3/21/2009 Davidson Aff.; 9/27/2008 Davidson Aff.

Minter's May 12, 2007 affidavit recants his trial testimony that McCormick was unarmed, but reveals similar credibility problems. The handwritten affidavit is not notarized. Minter Aff. (Dkt. 1-1) (cm/ecf Pg ID 69). It provides no explanation as to why Minter decided to recant his testimony fifteen years after the trial. "Recanting affidavits and witnesses are

viewed with extreme suspicion by the courts." Byrd v. Collins, 209 F.3d 486, 508 n.16 (6th Cir. 2000) (quotation marks omitted). "Even if accepted, a post-trial recantation is generally not sufficient to grant habeas relief absent constitutional error." Bower v. Curtis, 118 F. App'x 901, 908 (6th Cir. 2004).

Additionally, none of the affidavits presents a strong claim of actual innocence. Minter's testimony was relevant to the prosecution because it undermined Petitioner's defense of self-defense. Petitioner testified that he hit McCormick with a stick because McCormick threatened him with a broken bottle. Minter testified that McCormick did not have a glass bottle. Nevertheless, even if Williams and Davidson had testified that Minter was not a witness because he was with them at the time of the murder, this evidence is not adequate to show that, had it been presented at trial, no reasonable juror would have convicted Petitioner. Petitioner admitted to striking the victim on the head with a stick. 6/2/1992 Tr. at 75-76. Dr. Bader Cassin, chief medical examiner for Wayne County, testified that Nathaniel McCormick died of cranial cerebral injuries and that the manner of death was homicide. Id. at 52. Dr. Cassin described skull fractures caused by at least two multiple impacts to the head, bleeding and swelling of the brain, and cuts to his scalp. Id. at 52-54. These injuries were consistent with someone being hit in the head with a baseball bat or a stick of similar weight and proportions to a baseball bat. Id. at 54.

Petitioner's claim of self-defense was undermined by his own testimony. First, he claimed that two weeks prior to the murder, McCormick had threatened him with a knife. Id. at 69-70. Yet, on the night of the murder, Petitioner, who was alone and, he claimed, weaponless, saw McCormick walking down the street and stopped his vehicle to confront McCormick. Id. at 71. Petitioner testified that when McCormick broke the a bottle to fashion it into a weapon,

Petitioner walked about fifteen feet to retrieve a stick with which to hit McCormick, rather than simply getting into his vehicle and driving away or fleeing on foot.  Id. at 80-81.  Given this testimony, the delayed production of the affidavits, and the suspect nature of the affidavits, the Court finds that Petitioner has not shown "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  Schlup, 513 at 316.  The Court holds that Petitioner has not met the actual innocence exception.

### III. CONCLUSION

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. §2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the application."  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted).  The Court concludes that reasonable jurists could debate its conclusion that the petition is time barred.  Thus, the Court issues a COA.

In addition to issuing a COA, the will grant Petitioner leave to proceed in forma pauperis (IFP).  Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  A court may grant IFP status if it finds that an appeal is being taken in good faith.  Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  Foster, 208 F. Supp.

2d at 765. Here, the Court holds that the issues presented by Petitioner are not frivolous and an appeal could be taken in good faith.

Accordingly, for the reasons stated above, the Court grants Respondent's motion for summary judgment (Dkt. 7). The Court also issues a certificate of appealability to Petitioner and grants Petitioner leave to appeal IFP.

SO ORDERED.

Dated: September 24, 2013           s/Mark A. Goldsmith
Flint, Michigan                     MARK A. GOLDSMITH
                                    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2013.

                                    s/Deborah J. Goltz
                                    DEBORAH J. GOLTZ
                                    Case Manager