UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN SCOTT,

        Petitioner,

                                            Case Number 12-CV-10416

v.

                                            HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

        Respondent.
_____/

## OPINION AND ORDER
## DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Dkt. 12)

    Petitioner Shaun Scott filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his first-degree murder conviction.  Pet. (Dkt. 1).  Respondent filed a motion for summary judgment, arguing that the petition was filed after expiration of the one-year limitations period.  Resp. Mot. (Dkt. 7).  In response, Petitioner argued that the petition was based upon newly discovered evidence – the affidavits of Vernon Davidson and Derrick Williams – and was filed within one year of the date on which he became aware or could reasonably become aware of Davidson's and Williams' statements.  Pet'r Br. (Dkt. 9).  He also argued that his actual innocence should provide an equitable exception to the one-year limitations period applicable to habeas corpus petitions.  Id.  The Court found the petition untimely and granted the motion. 9/24/13 Order (Dkt. 10).  Now before the Court is Petitioner's motion for reconsideration.  Pet'r Mot. (Dkt. 12).

    Petitioner argues for reconsideration on two grounds.  First, he argues that the Court relied on an incorrect date in calculating the running of the limitations period.  Id. at 2-5.

Second, he argues that he made a credible claim of actual innocence sufficient to provide an exception to the one-year limitations period. Id. at 5-6.

Under the Court's Local Rules, the Court will not grant a motion for reconsideration that merely presents "the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The movant must (i) demonstrate a "palpable defect" by which the court and the parties have been "misled," and (ii) show "that correcting the defect will result in a different disposition of the case." Id. A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

With regard to the timeliness of the petition, the Court held that the factual predicate for the newly-discovered evidence on which Petitioner based his petition was known to Petitioner at least as early as September 27, 2008, the date of the Davidson affidavit submitted in support of Petitioner's state court motion for relief from judgment. 9/24/13 Order at 5; 9/27/08 Davidson Aff. (Dkt. 8-11) (cm/ecf Pg ID 719). Petitioner argues that this date was in error and, in support of this argument, points to a supplement to the motion for relief from judgment, submitted to the trial court on April 6, 2009. Pet. Supp. (Dkt. 8-12). That supplement corrects "typos" in Davidson's September 27, 2008 affidavit. Id. The "corrected" affidavit is dated March 21, 2009. Id. at 2 (cm/ecf Pg ID 773). Petitioner argues that the limitations period, therefore, should run from that date, rather than the date of the September 27, 2008 affidavit. If the limitations period commenced on that date, Petitioner contends, the petition is timely.

The Court is not persuaded by Petitioner's argument. The factual predicate for Petitioner's claim was known before the date of the corrected affidavit, March 21, 2009. Petitioner's state court motion for relief from judgment, which relies heavily on the substance of

2

Davidson's affidavit, is dated almost a full month before the date reflected on the corrected affidavit. Petitioner also fails to offer any credible reason why the September 27, 2008 affidavit should not trigger the running of the statute of limitations. The existence of a later-executed affidavit does not negate or invalidate the earlier affidavit. It is clear that the date of the September 27, 2008 affidavit is the date from which the limitations period should run and reconsideration is denied.

Petitioner also argues for reconsideration on the ground that the Court incorrectly decided that he failed to establish an equitable exception to the one-year statute of limitations based upon a credible showing of actual innocence. Pet'r Mot. at 5-6. Petitioner's arguments in support simply reassert the same arguments raised in his response to the summary judgment motion. A "motion for reconsideration is not a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." Smith v. Mt. Pleasant Schs., 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 357, 374 (6th Cir. 1998)). The Court sees no reason to reconsider Petitioner's same arguments regarding actual innocence.

Accordingly, the Court denies the motion for reconsideration (Dkt. 12).

SO ORDERED.

Dated: June 11, 2014  s/Mark A. Goldsmith
     Flint, Michigan  MARK A. GOLDSMITH
                                      United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2014.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager